H. L. BAUER ET AL. *v.* J. M. LITTLE ET AL.

[59 South. 101.]

TAXATION.  *Delinquent taxes.   Cost of collection.   Tax sales.   Code 1871, sections 1697 and 1699.*

Under Rev. Code 1871, section 1697, so providing, the tax collector was required after the first day of December to advertise all delinquent lands for sale on the first Monday of January, following, on which day, if the taxes remain unpaid and no sufficient personal property can be found, the collector is required to sell so much of the land as is necessary to pay the taxes, costs, etc., and under section 1699, so providing, the collector is allowed an additional five per cent compensation, on all taxes collected by him after December first to be collected from the delinquent taxpayer.  Under these two sections the tax collector was entitled to such additional five per cent for the collection of delinquent taxes after December first whether such taxes were collected by distress or by a sale of the lands of the delinquent taxpayer and it was proper to add such additional charge to the amount of taxes for which the delinquent lands were sold.

APPEAL from the chancery court of Smith county.

HON. SAM WHITMAN, Chancellor.

Bill by H. L. Bauer et al. against J. M. Little et al. From a decree sustaining defendant's demurrer to the bill, complainants appeal.

In 1872 the land in controversy was sold to the state for the taxes of 1871.  In 1907 the state patented said land to George Bauer, through whom appellants claim as heirs at law.  This suit was begun by bill in chancery filed by appellants seeking the confirmation of their title. A certified copy of the list of lands sold to the state for taxes for the year 1871 and the patent to Bauer are made exhibits to the bill.  Among other items of costs listed at said tax sale is the item of seventeen cents, additional fee charged by the collector because the taxes were not paid on or before the 1st day of December.  The

Revised Code of 1871 was in force at that time, and the two sections bearing upon the subject are as follows:

"Sec. 1697. Immediately after the first day of December, the collector shall advertise the lands of all delinquent taxpayers for sale, at the court house door of his county, on the first Monday of January following; such advertisement shall be inserted for three weeks, in some newspaper published in the county, if there be one, and put up at the court house door, and at three other public places in the county, and shall contain a list of all delinquents in numerical order, as they are contained in the assessment roll, in substance as follows:

| Name of Owner. | Division of Section. | Sec. | Tp. | R. | State Tax. | County Tax. | Total Tax. |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

"On the said first Monday of January, if the taxes shall remain unpaid, and no sufficient personal property can be found on which to levy the same, the collector shall proceed to sell the said land, of each delinquent taxpayer, as will pay the amount of taxes due by him, and all costs and charges, to the highest bidder, for cash. He shall first offer the smallest legal subdivision, and if the first parcel so offered shall not produce the amount due, then he shall add another similar subdivision, and so on, until the requisite amount is produced; and such sale shall be continued from day to day, within the hours prescribed for sheriff's sales, until completed: Provided, that no land shall be sold for taxes whereon any actual settler may reside, unless the said tax collector shall first have demanded payment of the taxes due thereon from such settler personally, or by written application left at his residence, which written application shall contain the numbers of the lands, and the amount of taxes due; and, for such notice, the said collector shall have one dollar, to be collected as cost with the taxes due; but no error in the advertisement, nor fail-

ure to .advertise, shall invalidate a sale for taxes of any land on which the taxes were not paid.''

"Sec. 1699.   The collector shall be allowed an additional compensation of five per cent on all taxes collected by him after the first day of December, to be collected from the delinquent taxpayer by distress or otherwise; he shall be also allowed one dollar for every conveyance made by him for land sold to individuals for taxes, and one dollar for each distress and sale of personal property; the clerk of the chancery court shall be entitled to twenty-five cents for taking and certifying the acknowledgment of each conveyance, and ten cents for every legal subdivision of land contained in the lists of land sold for recording the same; and fifteen cents for each legal subdivision of land advertised shall be allowed to the publisher of the newspaper for advertising the same, which fee shall be charged by the collector in the bill of costs, and collected by him for the use of the persons entitled thereto.   The auditor shall also be entitled to five cents for every legal subdivision of land contained in the list of lands sold to the state, and registered by him, to be paid on his warrant, his account having been first examined and approved by the governor, and the auditor shall not allow credit to any tax collector for lands sold to the state, unless a detailed statement of the amount of tax, and each item of costs, shall be annexed to the list of lands.''·

A demurrer was filed by the defendants, which set up that:  (1)  "Complainants' bill shows that the alleged sale of the land for taxes contained among other items the sum of seventeen cents which was claimed by the sheriff as damages and as that amount claimed to be ·due was illegal, the alleged sale is void."  (2)  "Complainants' bill shows on its face that there was only three dollars and sixty cents that could be legally collected from defendant by a sale of said land, and that the sale was in fact made in an effort to collect three

dollars and seventy-seven cents and that therefore, said alleged sale is void and confers no title on the state of Mississippi.''

From a decree sustaining the demurrer this appeal is prosecuted.

*Howie & Howie,* for appellants.

The first sentence of section 1699 is as follows:

"The collector shall be allowed an additional compensation of five per cent on all taxes collected after the first day of December, to be collected from the delinquent taxpayer by distress or otherwise; he shall also be allowed one dollar for every conveyance made by him for land sold to individuals for taxes, and one dollar for each distress and sale of personal property; the clerk of the chancery court shall be entitled to twenty-five cents for taking and certifying the acknowledgment of each conveyance, and ten cents for every legal subdivision of land contained in the list of land sold, for recording the same; and fifteen cents for each legal subdivision of land advertised shall be allowed to the publisher of the newspaper, for advertising the same, which fee shall be charged by the collector in the bill of costs, and collected by him, for the use of the persons entitled thereto.''

We contend that by this section the collector's five per cent additional was just as much a part of the costs and charges as any of the other items mentioned in this sentence. It will be noticed that these several matters mentioned in this sentence are set apart by semicolons. It certainly will not be contended and cannot be held that the last clause, beginning "which fee," was intended to apply only to the publisher's fee. It seems to us that it was intended that this clause should apply to all that went before it. It was meant to apply to the clerk's fee, the sheriff's one dollar and the five per cent additional compensation on the taxes collected by the sale.

All had to be collected by the sheriff and tax collector
for the use of the proper persons. Where the tax col-
lector was himself the proper person it was for himself.
It is certainly untenable that the collector should sell
land for taxes due thereon and to take some other prop-
erty and sell it in order to collect his five per cent addi-
tional. The clear intent of the law is that in cases where
it was necessary the collector would have no right to
collect his five per cent additional by distress or in any
other way that the taxes proper were collected. If he
had to take any legal proceeding he would thus be pro-
tected and if the delinquent taxpayer came up and of-
fered the amount of the taxes and refused to pay the five
per cent additional he could continue the procedure for
this also, just the same as if it was for the taxes proper.
If on the other hand the tax collector was able to collect
the taxes after the first of December without distress or
the sale of real estate then he was to have his five per
cent additional and it would be collected just as the other
costs or the tax proper. In every instance where the
tax proper was collected at all, he was to collect his
five per cent additional in the same way. In other words
if he had to collect by distress his five per cent would
be collected by distress, if otherwise, by calling on the
taxpayer or by selling real estate for delinquent taxes,
then this five per cent was to be collected in the same,
"otherwise," way.

Now it was contended by the counsel for the appel-
lees in the court below that this five per cent additional
was not a proper charge on lands sold for taxes but
whatever the collector was entitled to on taxes collected
by sale of lands would have to be collected by moral per-
suasion or distress on personal property. In other words
it was contended that the land must be sold for taxes and
costs outside of the five per cent additional and then this
additional compensation collected by distress on other
property. The court below held in accordance with this

contention in sustaining the demurrer, specifically stating that such was his holding. We have recovered from our astonishment but have not been able to find the principle of law on which the holding was based nor the reasoning by which it was reached. We respectfully submit that such a holding cannot be even justified in a court of equity. Every phrase of the statute on these matters shows clearly that it was intended that the collector should collect the fee or charge five per cent additional just as he collected the tax. It was intended to be added with the other charges in case of sale. How can equity be reconciled to such a procedure as this holding would have compelled? Sell all the land that a delinquent taxpayer owned and not add the little five per cent, which could just as well have been added and the whole collected out of the land, and then force the payment of the fee of five per cent by distress on personal property. Is this equity? It is what the court below held was the intent of the statute. We submit that it is not only inequitable but wholly out of harmony with the clear intent of the section of the Code cited above.

*A. J. McLaurin, Jr.,* for appellees.

In 1872 a certain piece of land in Smith county, Mississippi, was sold to the state for its taxes and all costs and charges. The collector and clerk then certified to the auditor a list of lands sold to the state and to individuals ''and the amount of taxes and costs, specifying each item of said costs for which the same was sold'' as by section 1698 of the Code of 1871 he was required to do. This last includes a charge of seventeen cents or ''five per cent additional compensation on all taxes collected by him (collector) after the first day of December to be collected from the delinquent taxpayer by distress or otherwise.''

We contend that this item of charge was erroneously assessed against the land and was illegally charged

against the land, and the sale therefore void because a part of the taxes and things for which the land was sold was illegal.

Section 1697, 1699, 1701 and 1704 of the Code of 1871 under the laws of which this tax sale was made, allow compensation to the collector, the clerk, the printer and any others who have to do with the machinery towards the collecting of taxes. It pays them for work performed and if this work is not performed it has been decided that the collector or other person is not allowed this compensation. *Railroad Co.* v. *Love,* 69 Miss. 109; *Anderson* v. *Hawks,* 70 Miss. 639.

In section 1699 of said code the following appears:

"The collector shall be allowed an additional compensation of five per cent on all taxes collected by him after the first day of December, to be collected from the delinquent taxpayer by distress or otherwise."

The taxes were not collected by the collector when the land was struck off to the state. If it be contended they were, from whom were they collected? Was it from the, purchaser of the land? Surely not. Section 1704 of the Code of 1871 says, that when land is sold for its taxes the collector is not allowed this additional compensation of five per cent. If then, the collector sold the land, as his certified list to the auditor shows for something to which he was not entitled and therefore not chargeable against the land, the sale is void. *Dogan* v. *Griffin,* 51 Miss. 782; *Beard* v. *Green,* 51 Miss. 856; *Peterson* v. *Kittrege,* 65 Miss. 33.

The law makes the collection of taxes by the collector a condition precedent to his right to the five per cent for collecting them. When the land is offered for sale because taxes have not been paid and no one offers enough to pay taxes and legal costs so that the land is struck off to the state, the collector is not entitled to the five per cent because he has not collected the taxes and he could not go on to the owner, "by distress or other-

wise'' for the five per cent additional compensation. Had the land been purchased by an individual, as will be more fully noticed hereafter, it would have been a ''collection of taxes by the collector'' and he would have then been entitled to his five per cent ''to be collected from the delinquent taxpayer by distress or otherwise.'' We contend, however, that the five per cent was not a charge on the land for which it could be sold and that the collector would have to resort to some personal remedy to get it, provided the aforesaid ''individual'' did not bid enough for the land to cover this amount of his own free will and accord. Should he bid enough for the land to cover this five per cent commission, the collector might keep it as a set-off against the claim the owner of the land had for the amount over the taxes and costs. But of this more anon.

Then not being entitled to the five per cent he had no right to sell it to the state for the ''additional five per cent'' and when he did the sale was void.

Suppose then an individual bid on that land the amount of the state and the county taxes together with the other charges and costs to which the officers were then entitled, and does not bid enough to cover the five per cent damages, could the collector refuse to strike off the land to him and hold the land for the additional five per cent? Under no consideration of these several statutes could this be done but the collector would be bound to sell the individual the land for the amount of his aforesaid bid.

In the case at bar, the taxes and legitimate costs amount to three dollars and sixty cents to which seventeen cents was added, making the total amount three dollars and seventy-seven cents. Suppose at that tax sale an individual had bid for that land three dollars and seventy cents, could the tax collector have refused to sell the land to him, his being the highest bid, because he had not bid the five per cent additional?

The state does not bid at tax sales in competition with individuals but rather has a standing bid on each piece

of land which is the amount of all taxes and costs; costs, which has been earned by the officers. If the officers have not performed these things for which they are allowed compensation on their performances, then the attempt to collect something as costs for that which they did not do, is illegal. When the collector demands that the land bring more than the taxes, the legitimate costs and charges, failing to bring which he sells to the state, he is putting an illegal charge in addition to the legal charges on the land for which he sells it, and the sale is therefore void.

Appellants intimate that being directed to sell the land for the amount of taxes due by the delinquent taxpayer and all costs and charges that the collector was directed to sell the land for, the seventeen cents and other costs and charges, which he did, and which afterwards is cancelled by the state. If that be true, then he was directed to sell it for one dollar additional for every conveyance made by him for land sold to individuals'' (as he did not know when he offered it for sale whether an individual or the state would buy it) and let it be deducted after the sale, and the same applies to the twenty-five cents for taking the acknowledgment to be paid the clerk under the provision of section 1699.

The collector was no more entitled to the five per cent additional compensation than he was to those other items enumerated in section 1699, i. e., the one dollar for making a deed to an individual, for he did not collect the taxes any more than he wrote a deed to the individual.

It will be noticed that each allowance made to the officer and others having to do with the collection of taxes and advertising for the same, are allowed compensation for those things they do. Section 1699 allows the collector five per cent for taxes collected from the delinquent taxpayer by distress or otherwise. Here the collector is given the right to certain compensation with the direction as to where that compensation is to come from and in what manner he is to get it.

It says it shall come from the delinquent tax payer. Does the sale of and to the state for its taxes collect the five per cent from a delinquent taxpayer even though the land be struck off to the state for this additional amount? It does not appear so but rather appears that the state of Mississippi is paying the additional amount. The collector when the taxes are collected after the first day of December is allowed his five per cent to be collected by distress or otherwise. Do the words "or otherwise" make the five per cent a charge on the land? We think no consideration could make it possibly so.

There is nothing ambiguous about the directions of section 1699 as to how and from where this five per cent is to be collected. It is a complete statement in itself. That which follows after the semicolon is itself distinct. The dollar allowance to the collector, and the allowance to the clerk, and the allowance to the printer, are matters of costs and the clerk and collector being in a position to look after their collections and the printer not being, the statute makes it mandatory for the collector to aid the printer's fee in the bill of costs. This is done for another reason; because as to the list of land to be sold having been printed in the paper by a printer no matter whether the owner comes up and pays the taxes and costs before sale or whether the land be sold to the state or to individuals, the printer's work is done and he is entitled to compensation therefor.

Every allowance after the words "or otherwise" in line four of section 1699, in other words every allowance in that section except the five per cent allowance is contingent upon the land being sold for taxes or advertised for sale for taxes and are entitled to be separated from the five per cent because it can be collected by the collector at any time after the first day of December. If, we will say, on the 2d day of December taxes are paid him he is entitled to institute proceedings for his five per cent immediately. He may either demand it of the

delinquent tax payer when he pays his taxes or may collect it by distress or any other personal remedy, but he could not surely advertise the delinquent taxpayer's-land for sale and sell it to collect his five per cent, neither then nor at the regular day of the sale of land for taxes.

*Sidney L. McLaurin,* for appellees.

The briefs of May & Sanders and A. J. McLaurin, Jr., show conclusively that the tax collector had no right to sell the land for the five per cent damages referred to in section 1699, Code 1871. That this was a part of the charge for which the land was sold is shown by the tax collector's certificate.

· The purpose of this brief will be to show that although the amount of the illegal taxes was small, being only seventeen cents, yet great harm may come to the owner of land, even though the illegal tax be very small. The manner in which the sale should be conducted is shown by section 1697, Code of 1871, which says: ''He shall first offer the smallest legal subdivision, and if the first parcel so offered does not produce the amount due, then he shall add another similar subdivision, and so on, until the requisite amount is produced.

Now for a practical illustration of the irreparable loss that may come to the land owner by the illegal addition of this small sum of seventeen cents, let us suppose that when the first forty acres was offered, some individual had bid the sum of three dollars and sixty cents which was the total legal amount due for which the land could be sold; the tax collector erroneously supposing that the seventeen cents (five per cent damages) should be included in the sale, he would decline to accept the bid and add another forty acres, then offering eighty acres, and the bid would not be increased, and finally so on until the whole 160 acres was offered and, there being no higher bidder, the land would be struck off to the state.

The state then would pay back to the tax collector, by way of credit, three dollars and sixty cents (being the taxes and costs, but not the five per cent damages. Sec. 1704, Code 1871), just exactly the same amount as the individual had bid for the first forty acres. Now we see that the result is that the tax collector could have gotten for the first forty acres three dollars and sixty cents, every cent that he does finally get. The owner loses one hundred and twenty acres of land which he would not have lost if the tax collector had accepted the three dollars and sixty cent bid for the first forty acres. This illustration clearly shows that the doctrine of *de minimis non lex* does not apply.

COOK, J., delivered the opinion of the court.

It is admitted that the taxes assessed against the land in controversy were not paid, and that the lands were struck off to the state by the tax collector. The sale was duly advertised and made at the time and place provided by law. The sale and proceedings precedent to the sale are governed by the Code of 1871. A single item contained in the list of lands advertised is relied on to invalidate the advertisement and sale. The advertisement, after stating the name of the owner, division of section, description, state tax, county tax, total tax, and other legitimate items of cost, there follows the further item: "Collector's five per cent additional, seventeen cents." This last item is challenged, and it is contended that it was an illegal charge against the land, and rendered the sale absolutely void. The chancellor adopted this view of the case, and sustained appellee's demurrer to appellant's bill of complaint filed to confirm his title to the land purchased from the state. Stating it another way, appellee contends that the additional compensation of five per cent allowed to the collector by section 1699 of the Code of 1871 "on all taxes collected by him after the first day of December" means such tax-

es as "are collected from the delinquent taxpayer by distress, or otherwise," and that "distress, or otherwise," does not mean the sale of the land for unpaid taxes and "all costs and charges" mentioned by section 1697 of the same Code.

This construction of the statutes is, in our judgment, unsound and untenable, and seems to be based upon the clause in section 1704 which provides that the auditor, in his settlements with the tax collector, shall not credit him with the commission of five per cent on lands sold for taxes and struck off to the state. We construe section 1699 to mean that the taxes on all lands became delinquent, which remained unpaid after the 1st day of December, and that the tax collector, between December 1st and January 1st, was authorized to collect the taxes and charges, including his additional compensation, by distress upon personal property, and, if not collected in this way, on January 1st the collector was required to collect the taxes, and "all costs and charges," by the sale of the land in the manner prescribed by sections 1697 and 1698.

The penalty, if penalty it is, was incurred by the failure to pay the taxes before December, and to say that the tax collector could not proceed against the land, but is confined to his suit at law, or distress upon personal property, is unwarranted by any reasonable construction of the scheme provided by law for the collection of delinquent taxes. The section disallowing the collector his commissions in his settlements with the auditor has nothing to do with the rights of the delinquent taxpayer, and it may be that the collector would still have a right of action against the delinquent when the lands are struck off to the state; but, however that may be, the collector was authorized to list his five per cent additional compensation, and to collect the same, if he could from the delinquent taxpayer by a sale of his land.

The lawmakers favored the collection of all land taxes by a levy upon the personal property of the delinquent

taxpayer. Section 1697 reads thus: "On the first Monday of January, if the taxes shall remain unpaid, and no sufficient personal property can be found on which to levy the same, the collector shall proceed to sell said land, or so much . . . as will pay the amount of taxes due by him, and all costs and charges." The additional commissions to the collector accrue after the 1st day of December, and when collected, either by distress or otherwise. Not having collected the taxes by distress, he proceeded to collect same "and all costs and charges" by sale of the land.

Reversed and remanded.

*Reversed and remanded.*